UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERIBERTO MALDONADO NAVARRO<br><br>Defendant. | Civil Action No.: 94-CR-643 (PGS)<br><br>MEMORANDUM AND ORDER |

The Defendant, Heriberto Maldonado Navarro ("Navarro"), pro se, seeks a writ of error coram nobis (28 U.S.C. §1651). The Court heard oral argument, and Navarro's prior attorney (Mr. Gilberti) entered an appearance at the Court's request (he indicated that Navarro was not entitled to any relief).

Evidently, on or about October 12, 1994, Navarro entered into a plea agreement with the government.[1] On December 15, 1994, Navarro pled guilty to a one-count information charging him with knowingly and intentionally importing into the United States from Curacao, the Netherlands Antilles, over 500 grams of cocaine, in violation of 18 U.S.C. §§ 952(a) and 960(a)(1) and 18 U.S.C. § 2. Navarro pled guilty in open court before Honorable Nicholas H. Politan, United States District Court Judge. On March 21, 1995, Navarro was sentenced to a seventy (70) month term of imprisonment and five years of supervised release. Navarro served his term of imprisonment and was subsequently deported to the Dominican Republic in or about November, 1999 (Conviction 1). On September 5, 2003, Navarro was sentenced in Docket No. 1:02-cr-1104 to 262 months of imprisonment for a one count of conspiracy for Possession with Intent to Distribute a Controlled Substance. He was sentenced as a career offender. See USA v. Yambo, Civil No. 1:02-cr-1104

---

[1] These facts paraphrase the government's brief.

(Conviction 2). On August 10, 2010 Navarro filed a pro se petition in the Southern District of New York moving for relief arguing that he should not have been sentenced as a Career Offender (U.S.S.G. § 4B1.1) because Conviction 1 should have been vacated for the reasons set forth below.

Although Navarro's application was difficult to understand, Navarro alleges that Conviction 1 should be vacated because he was deemed guilty of knowingly importing a controlled substance into the United States – without the identity of the controlled substance being confirmed as may be necessary pursuant to *United States v. Barosa*, 271 F. 3d 438 (3d Cir. 2001). Navarro contends he did not know at the time of his plea that he could have raised a defense as to the identity of the controlled substance, therefore his guilt plea should be vacated.

The issue in *Barbosa* is different than here. Barbosa appealed his conviction and sentence, contending that: (1) the District Court should have sentenced him based upon the drug he intended to bring into the country (heroin), rather that the drug he unwittingly, but actually, transported (cocaine base); and (2) the issue of which substance he intended to transport should have been submitted to the jury in accordance with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). In *Barbosa*, there was differing testimony of what defendant actually transported (cocaine) and what he believed he was transporting (heroin). At the trial, neither the quantity or the identity of the drugs was submitted to the jury because the statute used the language "controlled substance." More importantly, the sentencing guidelines are different for the two drugs. Although the Third Circuit found a *Apprendi* violation, there was no substantial error to reverse *Barbosa*. Mr. Navarro believes the rationale in *Barbosa* applies to his case.

The facts of Conviction 1 are different than Navarro asserts. Navarro pled to the type and amount of drugs involved in the crime. During the plea, Judge Politan questioned him:

> The Court: When you were stopped by the representative of the United States Customs Service, did you have strapped to your body 1,670 grams of Cocaine?
>
> Navarro: Yes, your Honor.

Judge Politan then confirmed the identity of the cocaine with the government:

> The Court: I assume the United States is prepared to prove that cocaine is a Schedule II narcotic substance?
>
> The Government: We are, your Honor.

Absent any objection, Judge Politan accepted the plea application of Navarro and subsequently sentenced him to 70 months based upon the transportation of cocaine.

Navarro suggests an error occurred with regard to the identity of the drug by virtue of *Barbosa* and *Appendi* rationale, and the guilty plea on Conviction 1 should be vacated. Presently, Navarro contends he did not know it would have been a jury issue. Despite Navarro's argument, there is no substantial error, the drug was identified by Judge Politan and he was sentenced in accordance with the guideline range at an offense level 23, criminal history III. The acceptance of the plea throughly supports that Navarro was well apprised of his consequences and rights.

Navarro also indicates that he was denied effective assistance of counsel. To find ineffective assistance of counsel, one must meet a highly demanding standard, and judicial scrutiny of counsel's performance is "highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). As the Third Circuit has emphasized: "Because counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing, [the Court of Appeals] has cautioned that it is 'only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *Beuhl v. Vaughn*, 166 F. 3d 163, 169 (3d Cir. 1999) (quoting *United States v. Gray*, 878 F. 2d 702, 711 (3d Cir. 1989)).

Here, Navarro contends that the substantive law changed due to *Barbosa*, and accordingly trial counsel should have envisioned such a change, he was thus denied effective assistance. The argument makes little sense. The identity of the drugs was known and discussed at the plea. To say at this point it should have been a contested point and a trial should have occurred is nothing more than Monday morning quarterbacking.

The plea of Navarro was clearly reasonable under the circumstance in light of the maximum sentence (40 years).

### ORDER

IT IS on this 7th day of April, 2011.

ORDERED that the application for a writ pursuant to 28 U.S.C. § 1651 is denied.

_____
PETER G. SHERIDAN, U.S.D.J.